IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| MARY DOE, *as mother and guardian of John Doe*, and JOHN DOE,<br><br>        Plaintiffs,<br><br>vs.<br><br>PORTER-GAUD SCHOOL,<br><br>        Defendant. | No. 2:22-cv-02093-DCN<br><br>**ORDER** |

The following matter is before the court on plaintiffs Mary Doe and John Doe's (together, the "Does") motion to alter or amend, ECF No. 31. For the reasons set forth below, the court denies the motion.

**I.   BACKGROUND**

This complaint arises from defendant Porter-Gaud School's ("Porter-Gaud") investigation into an allegation of rape between two minors who attended the school. Porter-Gaud is "an independent coeducational college preparatory day school" in Charleston, South Carolina. ECF No. 8, Amend. Compl. ¶ 3. In December 2018, the then fifteen-year-old John Doe engaged in a consensual sexual encounter with his classmate and neighbor, Catherine Roe. Id. ¶ 5. The two minors allegedly thereafter engaged in multiple sexual encounters with each other on separate occasions. Id. ¶¶ 6–9. Five months after the initial encounter, Catherine Roe told her parents that the initial encounter was non-consensual rape, though the remainder of the sexual interactions were mutually consensual. Id. ¶¶ 10–11. John Doe denies the claims of coercion on any

1

occasion. Id. ¶ 11. Initially, both sets of parents decided that the matter was settled and that the teens should just stay apart. Id. ¶ 12.

Catherine Roe, however, was not satisfied by that arrangement and instead told the Porter-Gaud school administrators and counselors that John Doe had raped her. Id. Porter-Gaud followed mandatory reporting procedures and called the police to investigate the allegations of rape. Id. ¶ 13. The police did not charge John Doe because "there was no evidence of [John] Doe's guilt and even if Ms. Roe had told the police her side of the story, it still would have been a: 'he said/she said' case with corroborating witnesses supporting Mr. Doe, not Miss Roe's account of the evening." Id. The police ended their investigation with no action taken against John Doe. Id. ¶ 14. Catherine Roe was again dissatisfied with this outcome, allegedly "physically assault[ing] Mr. Doe at school on two occasions . . . [and] loudly calling him a rapist in front of many students, faculty and parents." Id. Porter-Gaud thereafter brought in "investigators from New York with the #MeTOO Movement." Id. ¶ 15. John Doe's family hired counsel and provided the investigators with known witness information. Id. Eventually, the investigators dropped their investigation and Porter-Gaud notified John Doe that there was no policy violation on his part and he was free to return as a student in good standing. Id. ¶¶ 16–20. School officials refused to notify the other witnesses and students that they found John Doe had engaged in no wrongdoing. Id. ¶ 20.

Mary Doe, on behalf of her son John Doe, alleges that the investigation took a toll on her son and family emotionally, and on their family financially because they had to hire counsel. See id. ¶¶ 15–20. Mary Doe filed this complaint in the Charleston County Court of Common Pleas on May 29, 2022. ECF No. 1-1, Compl. At the time of the

complaint's filing, John Doe was an adult who turned eighteen on July 31, 2021. Compl. ¶ 2. Porter-Gaud removed the complaint to this court on July 1, 2022 pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. ECF No. 1. On July 21, 2022, Mary Doe filed an amended complaint, now the operative complaint, which named her son John Doe as a co-plaintiff. ECF No. 8, Amend. Compl. Porter-Gaud filed a motion to dismiss on July 1, 2022, which the court determined was mooted by the amended complaint. ECF No. 11. On August 26, 2022, Porter-Gaud again filed a partial motion to dismiss the complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6), ECF No. 15, which the court granted in part and denied in part on January 6, 2023. ECF No. 28. On February 3, 2023, the Does filed a motion to amend or correct the court's previous order on the motion to dismiss. ECF No. 31. Porter-Gaud responded in opposition on March 1, 2023, ECF No. 34, to which the Does replied on March 8, 2023, ECF No. 35. As such, the motion has been fully briefed and is now ripe for review.

## II.  STANDARD

### A.  Fed. R. Civ. P. 59(e)

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." While Rule 59(e) does not supply a standard to guide the court's exercise of its power to alter or amend, the Fourth Circuit has recognized that a court may grant a Rule 59(e) motion "only in very narrow circumstances: (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not available at trial, or (3) to correct a clear error of law or prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002). Rule 59(e) motions may not be used to make arguments that could have been

made before the judgment was entered. See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Moreover, "[a] party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such a motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted." Sams v. Heritage Transp., Inc., 2013 WL 4441949, at *1 (D.S.C. August 15, 2013). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." Pac. Ins. Co., 148 F.3d at 403 (internal citation omitted); Wright v. Conley, 2013 WL 314749, at *1 (D.S.C. Jan. 28, 2013). Whether to alter or amend a judgment under Rule 59(e) is within the sound discretion of the district court. Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005).

### III.  DISCUSSION

The Does move pursuant to Fed. R. Civ. P. 59(e) to alter or amend this court's order on Porter-Gaud's motion to dismiss, ECF No. 28, for two reasons. ECF No. 31 at 1. First, the Does allege that the court "employed the incorrect standard by construing the facts in favor of the defendant." Id. Second, the court did not consider plaintiffs' request to file an amended complaint. Id. The court addresses each category of alleged error in turn.

**A. Error of Law**

The Does allege that the court "employed the incorrect standard by construing the facts in favor of the defendant." ECF No. 31 at 1. Though the Does fail to state the standard for a motion to alter or amend under Rule 59(e),[1] the court construes the Does'

---

[1] Rather, the Does spend both the two-pages of their initial motion and the four-pages of their reply relitigating the question of whether a contract existed, among other unrelated grievances. See ECF Nos. 31, 34. The court reminds the Does that "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised

4

motion as alleging that the court committed an error of law since they state no facts nor make any allegations that could give rise to either an intervening change in controlling law or the discovery of new evidence. See generally id.

Preliminarily, the Does support their motion and reply with scant legal support. Notably, the Does only cite to a single South Carolina Supreme Court case concerning a parent's obligation to pay their child's medical expenses, and a South Carolina statute about financial obligations a parent has to their child, but at no point do the Does cite cases that are in any way relevant to a Rule 59(e) motion. See, e.g., ECF No. 35 at 2 (citing Patton v. Miller, 804 S.E.2d 252, 257 (S.C. 2017); S.C. Code § 63-5-20). Although it is not the court's responsibility, it appears it is required to pull salient facts from the Does' motion and reply briefs and analyze them with regards to the proper standard of law.

The court starts by identifying the Does' claimed error of law: that the court employed the incorrect standard by construing the facts in favor of the defendant in its analysis of the Does' negligence claim. ECF No. 31 at 1 (citing ECF No. 28 at 13). In its order on the motion to dismiss, the court determined that the Does' argument about an implied-in-fact contract between Mary Doe and Porter Gaud was dubious, at best. ECF No. 28 at 13. The court determined that even assuming privity of contract, Mary Doe's negligence action must fail. Id. at 14–15. Presumably, the Does take issue with this finding because they conclude that the court held there was no contract as a matter of

---

prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Pac. Ins. Co., 148 F.3d at 403. To the extent that the Does make arguments relitigating a settled issue, the court finds those arguments inappropriate for a Rule 59(e) motion and thereby declines to consider them.

law. See ECF No. 31 at 1. That conclusion is incorrect on two counts. First, although court noted its doubts as to the existence of a contract it nevertheless agreed to assume that there might be a contract. In so finding, the court clearly construed the facts in the Does' favor since despite their dubious claims, a contract was assumed. ECF No. 28 at 13. Second, Mary Doe's negligence claim based on breach of contract theory was dismissed for failure to state a claim because she failed to allege the required legal elements of a negligence claim.[2] See id. at 13–15.

The Does' motion to reconsider does not ask the court to "accommodate an intervening change in controlling law" or to "account for new evidence available at trial." Hill, 277 F.3d at 708. Rather, the motion is based solely on the Does' belief that the court misinterpreted the law controlling the motion to dismiss for failure to state a claim regarding the negligence cause of action. The court has considered the additional arguments by both parties regarding this motion to reconsider and stands by its original interpretation of the pertinent law set forth in its prior order. Thus, the court denies the

---

[2] To reiterate, the rudimentary requirements of a negligence cause of action require a plaintiff to prove three elements: "(1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty." J.T. Baggerly v. CSX Transp., Inc., 635 S.E.2d 97, 101 (S.C. 2006). As the court indicated in its order, Mary Doe did not adequately state facts that showed that Porter-Gaud owed her a duty of care. ECF No. 28 at 14–15. The court's assumption that a contract existed—which, given the facts alleged, was unlikely—did not save the claim because a duty of care cannot arise from a contract absent a special relationship. Id. at 15 (citing Ellis v. Tall Ships Charleston, LLC, 593 F. Supp. 3d 253, 265 (D.S.C. 2022)). Mary Doe has not alleged any facts that support the inference of a special relationship between her and Porter-Gaud. See id. As such, since the first required element of a negligence cause of action was not met, the court found that Mary Doe failed to state a cause of action for negligence without even reaching the questions of breach or proximate causation of damages.

6

motion to reconsider, finding that there has been no "clear error of law" or "manifest injustice." Id.

### B. Amended Complaint

In their reply brief, the Does allege that their Rule 59(e) motion to alter or amend alternatively seeks to amend not the court's order, but their own complaint. See ECF Nos. 35 at 4; 35-5 (proposed 2d. Amend. Compl.). To be clear, the Does did not file a motion for leave to amend the complaint pursuant to Fed. R. Civ. P. 15(a), which is the appropriate mechanism for such a request.[3] Cf. Hall v. Greystar Mgmt. Servs., L.P., 637 F. App'x 93, 96 (4th Cir. 2016) (considering a party's motions to alter or amend judgment pursuant to Rule 59(e) and for leave to file an amended complaint pursuant to Rule 15(a)). As the Fourth Circuit has explained:

> The Federal Rules of Civil Procedure cannot be so loosely invoked. Each Rule serves a procedural purpose that fits into the larger function of providing an orderly process to adjudicate actions. When, in an action, the plaintiff wishes to amend its complaint, Rule 15 governs the process.

Calvary Christian Ctr. v. City of Fredricksburg, 710 F.3d 536, 540 (4th Cir. 2013). Should the Does wish to amend their complaint, they must follow the procedures set forth by the Federal Rules of Civil Procedure and file a motion for leave to amend pursuant to Fed. R. Civ. P. 15(a). Only after such a motion is filed would Porter-Gaud be able to

---

[3] Rule 15(a)(2) provides that "a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "A request to amend should only be denied if one of three facts is present: 'the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Hall, 637 F. App'x at 97 (quoting Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)). Here, Porter-Gaud expressly "does not consent to any amendment and . . . believes that any such amendment will fail to meet the applicable legal standard as any new claims that Mary Doe might ask to assert are likely also implausible and futile." ECF No. 34 at 6.

7

assess the proposed amended complaint for bad faith or futility in its response in opposition. See Hall, 637 F. App'x at 97. Thereafter, the court would be able to rule on such a motion.[4] As such, the instant motion does not adequately request leave to amend the complaint and the court does not grant such leave.

## IV. CONCLUSION

For the reasons set forth above, the court **DENIES** the motion to alter or amend.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**April 3, 2023**
**Charleston, South Carolina**

---

[4] Construing the instant motion as a motion for leave to amend the complaint in the alternative would prejudice Porter-Gaud who did not have an opportunity to assess the proposed amended complaint since the Does only filed the proposed amended complaint as an attachment to their reply. See ECF No. 35-5. Further, as other courts have held, a party's failure to include the proposed amended complaint in the original Rule 15 motion is sufficient to deny the motion to amend. See, e.g., Anderson v. United States, 2016 WL 320076, at *5 (D.S.C. Jan. 27, 2016) (denying the motion to amend for failing to include a copy of the proposed amended complaint); Al-Haqq v. Stirling, 2014 WL 6749096, at *10 (D.S.C. Dec. 1, 2014) (same); Wells v. Spartanburg Cnty. Detention Ctr. Facility Emps., 2010 WL 4853868, at *2 (D.S.C. Oct. 26, 2010), report and recommendation adopted, 2010 WL 4853836 (D.S.C. Nov. 23, 2010) (same).