IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| John Doe, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:22-cv-02093-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| | ) | |
| Porter-Gaud School, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on defendant Porter-Gaud School's ("Porter-Gaud") sealed motion for a protective order, ECF No. 112, and plaintiff John Doe's motion to compel, ECF No 113. For the reasons set forth below, the court grants Porter-Gaud's motion for a protective order and denies John Doe's motion to compel.

## I. BACKGROUND

### A. Factual Allegations

Defendant Porter-Gaud is "an independent coeducational college preparatory day school" in Charleston, South Carolina. ECF No. 62, 2d Amend. Compl. ¶ 2. In general, this case arises out of Porter-Gaud's investigation into a student's claims that she was raped by another student.

In December 2018, the then fifteen-year-old John Doe engaged in an allegedly consensual sexual encounter with his classmate and neighbor, Catherine Roe ("Roe"). Id. ¶ 9. The two engaged in multiple sexual encounters with each other on separate occasions. Id. ¶¶ 12–13. Five months after the initial encounter, Roe told her parents that the initial encounter was non-consensual rape, though the remainder of the sexual

1

interactions were mutually consensual. Id. ¶¶ 14. John Doe denies the claims of coercion on any occasion. Id. ¶ 15. Initially, both sets of parents decided that the matter was settled and that the teens should just stay apart. Id. ¶ 16.

Roe, however, was not satisfied by that arrangement and instead told the Porter-Gaud school administrators and counselors that John Doe had raped her. Id. Porter-Gaud called the police to investigate the allegations of rape. Id. ¶ 17. The police did not arrest John Doe because "there was no evidence of [John] Doe's wrongdoing" and "[e]ven if Ms. Roe had told the police her side of the story, . . . it still would have been a: 'he said/she said' case with corroborating witnesses supporting Mr. Doe, not Miss Roe's account of the evening." Id. The police ended their investigation with no action taken against John Doe. Id. ¶ 18. Roe was dissatisfied with this outcome and purportedly "harassed, slandered, slapped and pushed [John] Doe publicly at school (twice)" as a result. Id. ¶ 22. Porter-Gaud thereafter brought in T&M Protection Resources, LLC ("T&M"), "investigators from New York with the #MeTOO Movement." Id. ¶¶ 20–21. Eventually, the investigators dropped their inquiry, and Porter-Gaud notified John Doe that there was no policy violation on his part and that he was free to return as a student in good standing. Id. ¶¶ 24–27. Prior to the events giving rise to this lawsuit, Porter-Gaud retained T&M to investigate two unrelated matters (collectively, the "unrelated matters"), and the instant discovery dispute relates to those investigations. See ECF No. 112 at 2; ECF No. 113 at 2.

### B. Procedural History[1]

This case has remained before the court since July of 2022. ECF No. 1. On November 6, 2023, John Doe filed his second amended complaint, which is now the operative complaint. ECF No. 62, 2d Amend. Compl. John Doe asserted six state-law causes of action and a single, amalgamated federal cause of action for "Violation of Fourth and Fourteenth Amendment Due Process and Equal Protection/Civil Rights and Title IX" that contained only two paragraphs. Id. ¶¶ 37–65. The court issued an order severing and remanding all of John Doe's state law causes of action on July 28, 2025 (the "July Order"), noting that "[i]f there were ever a case in which the state issues substantially predominated over the federal, it would be this one." ECF No. 139 at 19. Consequently, the only remaining claim before the court is John Doe's single, amalgamated federal claim. 2d Amend. Compl. ¶¶ 45–46. In its July Order, the court provided a lengthy review of the procedural history of the case, and the court now incorporates that history into this order in full. ECF No. 139 at 1–16.

The court now turns to the procedural history that is relevant to the motions currently before the court. The parties' discovery motions primarily concern John Doe's second set of requests for production in which he seeks information from Porter-Gaud relating to the two, above referenced unrelated matters that T&M investigated on Porter-

---

[1] This discovery dispute stems from Porter-Gaud's first sealed motion for a protective order filed on November 9, 2023, ECF No. 63, and John Doe's first motion to compel filed on December 18, 2023. ECF No. 74. In September 2024, the parties informed the court that they had come to an agreement resolving their discovery disputes. ECF No. 139 at 6. However, the spirit of cooperation was short lived, and their agreement soon fell apart prompting the court to instruct the parties to update and re-file their discovery motions at a December 2024 status conference. See ECF No. 107. The parties complied, and both filed updated discovery motions that are the subject of this order. See ECF No. 112; ECF No. 113.

Gaud's behalf before the dispute between John Doe and Catherine Roe arose.[2]  ECF No. 112-1.  Porter-Gaud filed a sealed motion for a protective order on January 14, 2025, arguing that the documents pertaining to the unrelated matters are not discoverable because they are either irrelevant to the issues presented in this suit or protected by attorney-client privilege or the work product doctrine.  ECF No. 112 at 3, 5, 7.  John Doe filed a response in opposition to Porter-Gaud's motion for a protective order on February 25, 2025, ECF No. 127, to which Porter-Gaud replied on February 27, 2025.  ECF No. 134.  John Doe also filed a motion to compel production of those same materials that Porter-Gaud seeks to have protected in its motion for a protective order on January 15, 2025.  ECF No. 113.  Porter-Gaud filed its response in opposition to John Doe's motion to compel on February 23, 2025, ECF No. 128, to which John Doe replied on February 23, 2025.  ECF No. 131.  As such, these motions are fully briefed and are now ripe for the court's review.

## II.  STANDARD

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

---

[2] John Doe's second set of requests for production also seek materials related to (1) T&M's investigation into Catherine Roe's allegations against John Doe; (2) communications made through the school's sexual abuse hotline; and (3) all Porter-Gaud policies and procedures referencing T&M.  ECF No. 112 -1.  However, after a March 2025 status conference, ECF No. 136, Porter-Gaud's counsel stated in an email to the court and John Doe's counsel that Porter-Gaud had already produced the documents relating to T&M's investigation of John Doe and that the only remaining issue for the court's consideration was whether Porter-Gaud needed to produce documents pertaining to the unrelated matters.  ECF No. 139 at 16.  John Doe's counsel responded in agreement the same day.  Id.  Accordingly, the court limits its consideration to the discoverability of documents pertaining to the unrelated matters as the parties have reached agreement with respect to other materials initially requested in John Doe's second set of requests for production.

defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter . . . [r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Federal Rule of Civil Procedure 26(c)(1)(A) allows a "party or person from whom discovery is sought" to move for a protective order "forbidding the [requested] disclosure or discovery[]" upon a showing of "good cause[.]" "The standard for issuance of a protective order is high." Wellin v. Wellin, 211 F. Supp. 3d 793, 800 (D.S.C. 2016), order clarified, 2017 WL 3620061 (D. S.C. Aug. 23, 2017) (quoting Nix v. Holbrook, 2015 WL 631155, at *2 (D.S.C. Feb. 13, 2015)). "The party moving for a protective order bears the burden of establishing good cause." Webb v. Green Tree Servicing, LLC, 283 F.R.D. 276, 278 (D. Md. 2012). "Normally, in determining good cause, a court will balance the interest of a party in obtaining the information versus the interest of his opponent in keeping the information confidential or in not requiring its production." UAI Tech., Inc. v. Valutech, Inc., 122 F.R.D. 188, 191 (M.D.N.C. 1988). In other words, the court "must weigh the need for the information versus the harm in producing it." A Helping Hand, LLC v. Baltimore Cnty., 295 F. Supp. 2d 585, 592 (D. Md. 2003) (quoting UAI Tech, 122 F.R.D. at 191. The district court is afforded broad discretion "to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

Correspondingly, Rule 37(a) allows a party to move for an order compelling discovery if another "party fails to produce documents or fails to respond that inspection

will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). The party "resisting discovery . . . bears the burden of persuasion" on the merits. Eramo v. Rolling Stone LLC, 314 F.R.D. 205, 209 (W.D. Va. 2016). The court has "broad discretion in managing discovery, including whether to grant or deny a motion to compel." Id. (citing Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., 43 F.3d 922, 929 (4th Cir. 1995)).

### III. DISCUSSION

The materials pertaining to the unrelated matters are the subject of both Porter-Gaud's motion for a protective order and John Doe's motion to compel. See ECF Nos. 112, 113. Porter-Gaud seeks a protective order from producing the materials pertaining to the unrelated matters in discovery because they are "beyond the scope of and irrelevant to this litigation." ECF No. 112 at 3. Alternatively, Porter-Gaud asserts that the materials are protected under attorney-client privilege or the work product doctrine. Id. at 5, 7. John Doe seeks to compel production of the materials pertaining to the unrelated matters to "demonstrate the disparity in the depths of the three investigations thus evidencing that he was treated differently by the school in violation of the school's governing documents, practices, and protocols . . . ." ECF No. 113 at 5. In response to Porter-Gaud's attorney-client privilege argument, John Doe contends that the privilege was waived. ECF No. 127 at 14–24.

At the request of the parties, the court has reviewed the materials pertaining to the unrelated matters in camera. After review, the court finds that Porter-Gaud has established good cause for the issuance of a protective order, and thus the materials pertaining to the unrelated matters will not be disclosed or produced in discovery. See

Fed. R. Civ. P. 26(a)(1)(A); see also A Helping Hand, 295 F. Supp. 2d at 592. The requested documents fall outside the scope of discovery because the information contained therein is not relevant to John Doe's sole remaining federal claim nor is it likely to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1); see also Washington v. Follin, 2016 WL 1614166, at *18 (D.S.C. April 22, 2016) (denying motion to compel after in camera review because documents were "irrelevant to Plaintiff's allegations or claims"). Thus, Porter-Gaud has a strong interest in preventing John Doe from obtaining documents that it deems confidential and that are irrelevant to the issues presented in this lawsuit. See Calloway-Durham v. N.C. Dep't of Just., 2024 WL 694019, at *4 (E.D.N.C. Feb. 20, 2024) (granting motion for protective order and denying motion to compel with respect to information that was "outside the scope of discovery"). By the same token, John Doe would receive no benefit in obtaining documents that are irrelevant to his claims. See id. Moreover, any detriment to Porter-Gaud in producing irrelevant documents would only serve to further delay a case that has been bogged down in discovery since June of 2023. See ECF No. 46. Because the harm in producing the documents outweighs John Doe's desire to obtain irrelevant information, Porter-Gaud has made a showing of good cause. As such, Porter-Gaud is entitled to a protective order preventing it from disclosing any documents pertaining to the unrelated matters.

Because the court rests its decision on the documents falling outside the scope of discovery, it need not address Porter-Gaud's remaining arguments that the documents are

protected under attorney-client privilege or the work product doctrine.

## IV.   CONCLUSION

For the foregoing reasons the court **GRANTS** Porter-Gaud's motion for a protective order and **DENIES** John Doe's motion to compel.

**AND IT IS SO ORDERED.**

                                    **DAVID C. NORTON**
                                    **UNITED STATES DISTRICT JUDGE**

**September 29, 2025**
**Charleston, South Carolina**