**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:22-cv-02093-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| PORTER-GAUD SCHOOL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on plaintiff John Doe's ("Doe") motion to reconsider, ECF No. 175. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

The court recited the factual background underlying this lawsuit in its order issued on March 31, 2026 (the "March Order"). ECF No. 172 at 1–2. The court incorporates the factual background from the March Order into this order. Id.

Relevant here, the March Order denied Doe's motion for leave to file an amended complaint ("motion to amend"). Id. at 9–12; see also ECF No. 153 (Doe's motion to amend). Doe moved to reconsider that ruling on April 10, 2026. ECF No. 175. Defendant Porter-Gaud School ("Porter-Gaud") responded in opposition on April 17, 2025, ECF No. 178, to which Doe filed no reply. As such, Doe's motion to reconsider is fully briefed and now ripe for the court's review.

## II. STANDARD

When a district court issues an interlocutory order "'that adjudicates fewer than all of the claims [in a case],' the court retains discretion to revise the order 'at any time before the entry of a judgment adjudicating all the claims.' " Carlson v. Boston Sci.

Corp., 856 F.3d 320, 325 (4th Cir. 2017) (quoting Fed. R. Civ. P. 54(b)). In contrast to "motions to reconsider final judgments pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Rule 54(b)'s approach" gives the district court "broader flexibility to revise interlocutory orders" prior to final judgment as "new facts or arguments come to light[ ]" in ongoing litigation. Carlson, 856 F.3d at 325 (emphases in original). "[T]he power to reconsider and modify its interlocutory judgments[ ]" is "committed to the discretion of the district court[.]" Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 515 (4th Cir. 2003) (citations omitted).

Nevertheless, this discretion is "not limitless[ ]" because courts are constrained to consider their interlocutory rulings "as [the] law of the case." Carlson, 856 F.3d at 325 (citations omitted). "The law-of-the-case doctrine provides that in the interest of finality, 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.' " Id. (quoting TFWS, Inc. v. Franchot, 572 F.3d 186, 191 (4th Cir. 2009)). Consequently, a district court "may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) "a subsequent trial produc[ing] substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." Carlson, 856 F.3d at 325 (internal quotation marks and citations omitted). The standard therefore closely resembles the Rule 59(e) standard for motions to reconsider a final judgment but differs in that it permits revision on account of "potentially different evidence discovered during litigation as opposed to the discovery of 'new evidence not available at trial.' " Id. (quoting Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)).

## III. DISCUSSION

### A. Doe's Motion to Amend

For context, the court first discusses the arguments on the motion to amend. The full text of Doe's motion to amend is provided below:

> Comes now counsel for the plaintiff moving pursuant to FRCP 15(a)(2), FRCP 16 and FRCP 19 as well as the Local Rules to amend the complaint to supplement additional facts discovered in the past three years of discovery. And to add that the school receives federal funding rather than the existing language that it failed to follow the law regarding Title IX. The undersigned certifies that per FRCP Rule 15(a)(2) a recent request for consent has not been granted though the defendant will not be prejudiced because the school is aware of the factual developments that have now shaped this case with many instances of sex-based bias after taking eleven depositions in this case and after numerous discovery admissions by the defense. Chute v. Walker, 281 F. 3d 314, 319 (1st Cir. 2002). Finally, the plaintiff urges this court to grant the requested leave to amend which should be freely granted at this stage of litigation as justice so requires for reasons as set forth in the amended pleading. See FRCP 15(a)(2).
>
> No separate memorandum of law is being filed herewith as all the grounds for this motion are contained herein as well as in ECF #147, ECF #144 and in Plaintiff's opposition to the defendant's second motion for summary judgment which is due on August 25, 2025. Counsel consulted pursuant to Local Rule 7.02 and defendant does not consent.

ECF No. 153 at 1. The court discussed the relevant portions of the filings incorporated into Doe's motion to amend in the March Order and will do so again here. ECF No. 172 at 10 n.4. The following portion of ECF No. 147 (the "incorporated filing") encompasses the entirety of Doe's substantive discussion of his then-forthcoming motion to amend:

> Here, the plaintiff will file a motion to amend the complaint pursuant to F. R. C. P. 15 (A) and (D) to cure any pleading defects mentioned by the court in its July 28th Order and to have it relate back to the original filing date. 'Leave should be freely granted in the interests of justice absent a valid reason to deny leave' and as the Fourth Circuit has explained, 'the filing of a supplemental pleading is an appropriate mechanism for curing numerous possible defects in a complaint.['] See Franks v Ross, 313 F. 3d 184 (4th Cir. 2002). The plaintiff also prays for an opportunity to be heard on the

> motion to amend before either a sua sponte dismissal occurs, or before summary judgment is granted.

ECF No. 147 at 5. ECF No. 144 is Doe's motion for leave to file a brief exceeding the standard page limit; it did not discuss amendments to pleadings. See ECF No. 144. ECF No. 157 is Doe's opposition brief to Porter-Gaud's motion for summary judgment, and although this brief had not been filed when Doe moved to amend, Doe incorporated any arguments from it that would support his motion to amend. ECF No. 153 at 1. Putting aside the propriety of incorporating arguments from yet-to-be-filed briefing, the court reviewed ECF No. 157 prior to ruling on Doe's motion to amend; it contained no discussion of the motion. See ECF No. 157.

In response to Doe's motion to amend, Porter-Gaud filed a thirteen-page opposition brief, arguing Doe's motion should be denied on several substantive grounds. See ECF No. 161. Unlike Doe's arguments in support of his motion to amend, Porter-Gaud's arguments were thorough, cited to the record, and relied on relevant legal authorities. See id. As noted in the March Order, Doe elected to forgo filing a reply brief and, as such, offered no opposition to Porter-Gaud's arguments.[1] ECF No. 172 at 12. Considering Doe's failure to set forth substantive arguments clearly directed in support of his motion to amend and his failure to offer any reply, the court remarked in the March Order that it was simply "left without any basis" to grant Doe's motion. Id. It bears emphasis that the burden was on Doe to establish good cause for amending the scheduling order and that justice so required granting leave to amend. See Dilmar Oil

---

[1] To the extent that Doe believed a favorable ruling on his motion to amend was a foregone conclusion, Porter-Gaud's response in opposition put Doe on clear notice that the motion was contested.

Co. v. Federated Mut. Ins. Co., 986 F. Supp. 959, 980 (D.S.C. 1997); see also Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.") (emphasis added); Fed. R. Civ. P. 15(a)(2).

**B. Motion to Reconsider**

Against this backdrop, the court addresses each of the three grounds Doe raises for reconsideration.

Doe's first argument—branded "monumental"—is that a change in the law occurred "after the filing of the of the operative complaint[,] which conclusively established that [Porter-Gaud] had accepted federal funding and was subject to Title IX." ECF No. 175 at 7 (citing Wisconsin Bell, Inc. v. United States ex rel. Heath, 604 U.S. 140 (2025)).[2] Porter-Gaud responds that Doe's argument focuses on the wrong timeframe and that, in any event, the disposition of Doe's motion to amend did not depend on any legal issue decided by Wisconsin Bell. ECF No. 178 at 3. The court agrees with Porter-Gaud on both points. First, Rule 54(b) contemplates a change in the applicable law as a ground for reconsideration when the change arises "since the submission of the issue to the court." Henderson v. Clinton & Clinton, 2014 WL 4055824, at *7 (E.D.N.C. Aug. 15, 2014) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). Because Wisconsin Bell was decided before the March Order was issued, the court finds that any change in the law arising from that opinion is not a valid ground for reconsideration. Compare Wisconsin Bell,

[2] Doe also points to "other cases argued by Doe at ECF 147" to support his change in the law argument. The court declines to survey the cases cited in Doe's prior filing and to then determine whether they present valid grounds for reconsideration—that burden belongs to Doe, not the court.

604 U.S. at 140 (decided on February 21, 2025), with ECF No. 172 (issued on March 21, 2026). Second, the issue decided in Wisconsin Bell was whether reimbursement requests under the federal E-Rate program could constitute a "claim" under the False Claims Act. 604 U.S. at 501–02. The treatment of E-Rate funding under the False Claims Act formed no part of the court's reasoning for denying Doe's motion for leave to amend. See ECF No. 172. Because Wisconsin Bell has no impact on March Order's conclusion that Doe failed to show good cause to amend the scheduling order, it provides no basis for the court to reconsider the March Order. Cf. Trimble v. Am. First Fin., LLC, 778 F. Supp. 3d 675, 684 (D. Md. 2025) (granting motion to reconsider when "intervening decision" from Fourth Circuit "invalidate[d] the reasoning behind" the court's prior order).

Doe next argues the court "accepted as true an uncited and incorrect statement by [Porter-Gaud] that Doe learned the extent of [Porter-Gaud's] inappropriate acts against him on December 19, 2023 (at the guidance counselor's deposition)." ECF No. 175 at 7. Porter-Gaud responds that Doe "could have made this argument before the court ruled, but he did not." ECF No. 178 at 3–4. The court agrees with Porter-Gaud. Doe had ample opportunity to respond to Porter-Gaud's argument concerning the guidance counselor's deposition testimony, but Doe filed no reply and thus offered no opposition to the argument. See Matter of V. Dorchester St. Jet Skis, Inc., 2026 WL 1596175, at *2 (D. Md. Jun. 3, 2026) (considering plaintiff to have "conceded the point[ ]" after failing to respond to defendant's opposition argument); see also ECF No. 161 at 10. A motion to reconsider is not a vehicle for a party to raise new arguments that "could have been raised previously." South Carolina v. United States, 232 F. Supp. 3d 785, 796 (D.S.C. 2017);

White v. City of Greensboro, 586 F. Supp. 466, 481 (M.D.N.C. 2022). As such, the court will not revisit the March Order on the basis of an untimely argument.[3]

Doe finally argues the court erred in finding he "ha[d] not offered any supported factual or legal argument as to why good cause exists for allowing him leave to amend." ECF No. 172 at 12; see ECF No. 175 at 8. Specifically, Doe asserts the court "ignore[d] the reference to ECF 147 referenced in the motion to amend wherein Pp.1-7 fully addressed the [sic] why an amendment to the Complaint should be allowed, why the parties should be heard and why the defense motion should be denied." ECF No. 175 at 8. Porter-Gaud calls that argument "patently misplaced" because "the Court squarely addressed those arguments, finding them unhelpful to its analysis." ECF No. 178 at 3. The court agrees with Porter-Gaud's assessment.

The court explicitly discussed Doe's incorporated filing in the March Order, observing that Doe "mentioned that he intended to file a motion seeking leave to amend" in that filing. ECF No. 172 at 10 n.4. Only one paragraph of the incorporated filing, quoted above, discussed Doe's then-forthcoming motion to amend. Supra p. 3–4. In that paragraph, Doe noted that an amended pleading is an appropriate mechanism for curing defects in a complaint, but Doe did not explain why Doe should be granted that opportunity. ECF No. 147 at 5. The first seven pages of the incorporated filing, contrary

[3] Doe claims he needed to take the depositions of school personnel that the guidance counselor threw "under the bus" at her deposition before moving amend. ECF No. 175 at 7–8. After again reviewing the proposed complaint, the court harbors serious doubts as to whether additional deposition testimony was necessary before Doe could make the allegations pertaining to the guidance counselor's conduct in the proposed complaint. See ECF No. 153-1. In any event, Doe took those depositions by January of 2025, ECF No. 175 at 7–8, and as Porter-Gaud notes, Doe still makes no effort to explain how he acted with diligence despite waiting another seven months to file his motion to amend, ECF No. 178 at 4.

to Doe's assertion, did not "fully address" why an amendment should be permitted. ECF No. 175 at 8 (cleaned up). As discussed in the March Order, that portion of the incorporated filing primarily urged the court to refrain from sua sponte dismissing Doe's federal claim. ECF Nos. 147 at 1–7, 172 at 10 n.4. Those arguments were not offered to show good cause to amend the scheduling order or to show that justice so required an amendment to the pleadings. See ECF No. 147 at 1–7. Moreover, Doe's discussion of caselaw in his incorporated filing was underdeveloped, and how those cases would support his motion to amend was far from obvious. See id.

Considering these deficiencies, Doe essentially believes the court should have (1) combed through his incorporated filing to identify arguments and cases that would support his motion to amend (even if made for another purpose); (2) re-purposed those arguments into grounds for granting his motion to amend; and (3) used those arguments to overcome Porter-Gaud's opposition to his motion to amend. Propst v. HWS Co., Inc., 148 F. Supp. 3d 506, 511 (W.D.N.C. 2015) ("Plaintiff has essentially asked this Court to read everything it has filed and, after doing so, construct a coherent argument against the Defendants' Motion—a task which the Plaintiff was obligated to do within his opposition brief." (emphasis in original)). The burden of taking any of these measures, of course, fell to Doe—not the court. See id. ("It is not this court's responsibility to research and construct the parties' arguments[.]" (quoting Draper v. Martin, 664 F.3d 1110, 1114 (7th Cir. 2011)); Walker v. Prince Goerge's County, 575 F.3d 426, 429 n.* (4th Cir. 2009) ("Judges are not like pigs, hunting for truffles buried in briefs." (quoting United States v.

Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)). To be sure, it would have been improper for the court to engage in a sua sponte opposition to Porter-Gaud's response arguments.

Compounding the burden on the court, Doe failed to provide a pincite to the pages of his incorporated filing that supposedly contained arguments that would support his motion to amend. See ECF No. 153. The court thus took on the task of surveying the entire filing—despite being under no obligation to do so—to determine which portions of it, if any, might support his motion to amend. See Daniel v. Nat. Cas. Ins. Co., 2014 WL 4955402, at *2 (D. Md. Sept. 29, 2014) (admonishing parties' efforts to incorporate by reference "the entirety of their respective prior filings and guess which portions of thereof they may contend, mutatis mutandi, are pertinent"). The difficulties inherent to searching an incorporated filing for phantom arguments underscores why the practice is disfavored: "it amounts to outsourcing the party's responsibility to research and construct its own argument within its memorandum." South Carolina v. United States, 232 F. Supp. 3d at 796. All of this being said, it is not true that Doe's incorporated filing was overlooked or "ignored" by the court. ECF No. 175 at 8 (cleaned up). Likewise, the court rejects Doe's supposition that the court went beyond calling "balls and strikes" in the March Order; it merely declined to construct arguments on Doe's behalf. See ECF No. 175 at 10.

Lastly, the court briefly addresses Doe's characterization that the court "stood hard on a long-expired scheduling order drafted three years prior and decided that Doe alone should be held to its parameters[ ]" when "everyone had been operating well outside those deadlines for years with the Court's knowledge." ECF No. 175 at 6. Doe misconstrues the March Order to have denied his motion out of arbitrary faithfulness to the scheduling order. The court first emphasizes that Doe failed to address the

scheduling order even though it was Doe's own motion that required an amendment to the scheduling order. See Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.") (emphasis added). Second, Porter-Gaud argued that granting Doe's motion would be prejudicial because the scheduling order's deadline for amendments to pleadings had long since expired. See ECF No. 172. Again, Doe offered no reply to this argument. As such, Doe's motion was not denied to "selectively enforce" the scheduling order; rather, the scheduling order was enforced because Doe—as the movant—had the burden of showing some good reason to depart from it, and he offered none.[4] See ECF No. 175 at 1.

## IV. CONCLUSION

For the reasons set forth above, the court **DENIES** Doe's motion to reconsider, ECF No. 175.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**September 25, 2026**
**Charleston, South Carolina**

[4] Doe also failed to articulate any cogent argument that justice so required an amendment under Rule 15(a)(2).